DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Juvenile Division, in a delinquency case. Because we conclude that the trial court did not err in its disposition of the juvenile, we affirm.
 {¶ 2} Ayla H., then age 15, was originally charged in the Fulton County Court of Common Pleas, Juvenile Division, with four counts of delinquency on the basis that she *Page 2 
violated R.C. 2907.06 and 2152.02, sexual imposition. In March 2007, Ayla H., was adjudicated to be a delinquent child on one of those counts, and the other three were dismissed. The case was then transferred to Lucas County Court of Common Pleas, Juvenile Division, for disposition. She was held in detention to protect the community and pending psychological, medical, and other evaluations or investigations.
 {¶ 3} After conducting a disposition hearing in July 2007, the magistrate ordered that Lucas County Children Services ("LCCS") be made a party to the action and found it to be in the child's best interest that temporary custody of Ayla be awarded to the agency so that she could receive the necessary treatment. The magistrate further ordered that a suitable placement, group home, or other facility be found as soon as possible, so that Ayla could be released from the detention center to undergo sexual offender treatment, as well as other recommended services. The magistrate specifically found that custody with either Ayla's mother or father was not in her best interest at that time.
 {¶ 4} Ayla's mother, Kathleen H., then filed objections with the court, stating that she should have retained custody of the child. The court overruled the objections, adopted the magistrate decision, and entered judgment.
 {¶ 5} Mother now appeals from that decision, arguing the following two assignments of error:
 {¶ 6} "Assignment of Error No. 1: The trial court erred by transferring temporary custody of Ayla from Mother to LCCSB without first making a finding of dependency, neglect or abuse. *Page 3 
 {¶ 7} "Assignment of Error No. 2: The trial court violated Mother's due process rights by transferring temporary custody of Ayla from Mother to LCCSB without providing Mother with the appropriate notice prior to the hearing."
 I. {¶ 8} In her first assignment of error, mother claims that the trial court erred in failing to make a finding of dependency, neglect or abuse before awarding temporary custody to LCCS. We disagree.
 {¶ 9} R.C. 2152.19, which addresses disposition of a misdemeanant delinquent child, provides:
 {¶ 10} "(A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter:
 {¶ 11} "(1) Any order that is authorized by section 2151.353 of theRevised Code for the care and protection of an abused, neglected, ordependent child; * * *." (Emphasis added.) R.C. 2151.353 provides, in pertinent part, that the court may make the following order of disposition: "(2) Commit the child to the temporary custody of a public children services agency, * * *."
 {¶ 12} In this case, pursuant to the adjudication that Ayla was a delinquent child, R.C. 2152.19 was the applicable statute pertaining to disposition. Consequently, no finding of dependency, neglect, or abuse was required before the court could award *Page 4 
custody of Ayla to LCCS. Moreover, we note the testimony presented at disposition indicated that mother had repeatedly requested Ayla's probation officer to remove her from her home because mother could not control Ayla. Father had a previous conviction for sexual imposition. In addition, father acknowledged that his own father, Ayla's grandfather, who lived with father, had committed sexual abuse against children in the past. Father stated that the grandfather was not permitted to be alone with children and was "watched like a hawk." Therefore, we conclude that the trial court properly found that it was in Ayla's best interest not to be in the custody of her parents and did not err in awarding temporary custody to LCCS.
 {¶ 13} Accordingly, appellant's first assignment of error is not well-taken.
 II. {¶ 14} In her second assignment of error, mother contends that she was not provided with proper notice prior to the disposition hearing.
 {¶ 15} In this case, the record indicates that the disposition hearing was postponed several times. The first hearing dates were set for May 8, 2007, May 23, 2007, and June 19, 2007. The disposition hearing was then held on July 13, 2007. The record contains a copy of a summons, dated June 19, 2007, which is addressed to Ayla, both parents, guardians and custodians, stating that they are to appear on July 13, 2007 at 8:30 in Court Room CR9 for a disposition hearing at the "Juvenile Justice Center, 1801 Spielbusch Ave., Toledo, Ohio 43604." Both mother and father were in attendance at the July hearing. Consequently, we presume that they both received notice prior to the *Page 5 
hearing. In addition, at no time did either parent request a continuance or file a motion for custody with the court. Therefore, we conclude that mother's due process rights were not violated and the court did not err in granting temporary custody to LCCS.
 {¶ 16} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1